**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| RYAN MEIHLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-082 |
| | ) | |
| HYUNDAI ENG AMERICA, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The Court held an informal status conference with the parties. Doc. 32. During the conference, the Court observed that Defendant Jo's former counsel, who is not authorized to practice in the Southern District, participated in the parties' Rule 26(f) conference on Jo's behalf. Doc. 23 at 1. The parties agreed with the Court's determination that a renewed Rule 26(f) conference and report is necessary with the participation of Jo's new, properly authorized counsel. Therefore, the parties are **DIRECTED** to confer and submit a renewed Rule 26(f) report no later than August 28, 2026. All deadlines are **STAYED** pending the entry of a Scheduling Order. Additionally, the Clerk is **DIRECTED** to terminate

the parties' pending Rule 26(f) Report. Doc. 23. Given the pendency of this stay, the request for a stay pending the disposition of Hyundai's Motion to Dismiss, doc. 15, is **DISMISSED** as moot. Doc. 22. If the parties seek an additional stay, after they have conferred as required above, they are free to renew any such motion at the time they file their renewed Rule 26(f) report.[1]

Defendant Jo's current counsel has filed a Motion to Substitute Attorney. Doc. 30. Pursuant to this Court's Local Rules, his signing and filing of that pleading constituted an entry of appearance. *See* S.D. Ga. LR Civ. 83.6(a). The Clerk has entered his appearance on Jo's behalf. *See generally* docket. To the extent that the Motion seeks the withdrawal of Jo's prior counsel, who represented him prior to removal, because that attorney is not admitted to practice in this District, as noted above, the Clerk never entered his appearance. Since he has never appeared, any

---

[1] The Court notes that Jo has not filed any response to the Motion to Stay. *See generally* docket. Hyundai's Motion reflects that it consulted Plaintiff concerning his consent, and did not receive it. *See* doc. 22 at 2. The Motion does not indicate, however, whether Defendant Jo was even consulted. *See generally id.* Since his former counsel would have been unable to file any response, given that he was not admitted to practice in this Court, Jo's position on the propriety of the requested stay remains unclear.

request to withdraw is moot. Accordingly, the Motion to Substitute is **DISMISSED** as moot. Doc. 30.

The Court also noted in the conference that it appeared that Jo was in default. The parties unanimously disagreed with this notion based on the understanding that Jo had responded to Plaintiff's operative Complaint in state court. *See* doc. 6-7 at 131-135. However, after this case was removed, Plaintiff filed an Amended Complaint. Doc. 12. Hyundai moved to dismiss the Amended Complaint. Doc. 15. Jo, however, has not filed any pleading responsive to it. *See generally* docket. The Amended Complaint was filed, as a matter of course, within twenty-one days of service of Hyundai's Motion to Dismiss. *See* doc. 12 at 2; *see also* Fed. R. Civ. P. 15(a)(1). Generally, in federal court, an amended complaint supersedes any prior pleadings, rendering them of no further effect. *See, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Willis v. Villa Piana Corp.*, 2023 WL 6219401, at *1 (N.D. Tex. Aug. 28, 2023) ("[B]ecause the new pleading does not refer to, adopt, or incorporate by reference the earlier pleading, [Plaintiff's] Amended Complaint

superseded her original state-court [pleading] and rendered it of no legal effect."). Again, generally, failure to respond to a properly served amended pleading places a party in default, under Rule 55(a). *See, e.g., Diamond State Ins. Co. v. Re*, 860 F. Supp. 2d 1381, 1383 n. 2 (S.D. Ga. 2012) ("Oddly, even though she answered the first complaint, Defendant failed to answer the amended complaint. Of course, this would entitle Plaintiff to a default judgment."); *see also Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 12618182, at *3 (M.D. Fla. May 27, 2014) ("The Eleventh Circuit has not spoken directly on this issue, but other courts within the Eleventh Circuit have stated that a failure to answer an amended complaint, even when a party has responded to a prior complaint, would subject that party to default."). The Court is, therefore, uncertain whether the parties' confidence that Jo remains undefaulted is justified. Given the importance of establishing, definitively, the operative pleadings in the case, the parties are **DIRECTED** to address the issue in their 26(f) report. Jo would

additionally be welcome to file a motion to set aside any default pursuant to Fed. R. Civ. P. 55(c) at or before the time of the filing the 26(f) report.

Despite the Court's uncertainty concerning the status of Jo's state-court Answer, given that the Amended Complaint is clearly the operative pleading, it is absolutely clear that Hyundai's Motion to Dismiss the complaint operative at the time of removal is moot. Doc. 7. *See S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n. 1 (N.D. Ga. Jan. 25, 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint."); *see also Auto-Owners Ins. Co. v. Tabby Place Homeowners Assoc., Inc.*, 637 F. Supp. 3d 1342, n. 4 (S.D. Ga. 2022) ("An amended complaint that does not incorporate the prior pleading, however, moots the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." (citation omitted)). The Amended Complaint does not incorporate any prior pleading. *See generally* doc. 12; *see also, e.g., id.* at 1 (referring to, but not incorporating, "the underlying action"

in the State Court of Chatham County).  The Motion to Dismiss the now-superseded pleading is, therefore, **DISMISSED** as moot.  Doc. 7.

Finally, Hyundai has filed a Motion to Strike a second amended pleading Plaintiff filed in error.  *See* docs. 17 & 20.  Since Plaintiff withdrew that document, Hyundai withdrew its Motion as moot.  Doc. 24. The Clerk is **DIRECTED** to **TERMINATE** that Motion as withdrawn. Doc. 20.

In summary, Hyundai's Motion to Dismiss the pleading that was operative at the time of removal is **DISMISSED** as moot.  Doc. 7.  The Clerk is **DIRECTED** to **TERMINATE** its Motion to Strike Plaintiff's erroneous filing as withdrawn.  Doc. 20.  Since the Court **STAYS** all deadlines in this case, pending the entry of a Scheduling Order, its Motion to Stay is **DISMISSED** as moot, with leave to renew that Motion upon the parties filing of a renewed Rule 26(f) report.  Doc. 22.  The Clerk is **DIRECTED** to **TERMINATE** the prior Rule 26(f) Report.  Doc. 23. the parties are **DIRECTED** to confer and submit a renewed Rule 26(f)

report no later than August 28, 2026.  All deadlines are **STAYED**

pending the entry of a Scheduling Order.

SO ORDERED, this 7th day of August, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA