**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RYAN MEIHLS,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI ENG AMERICA, INC., and YOUNGHYUN JO,<br><br>Defendants. | Civil Action No.: 4:26-cv-082 |

**ORDER AND SCHEDULING ORDER**

Plaintiff Ryan Meihls filed his complaint against Defendant Younghyun Jo in the State Court of Chatham County, Georgia, on July 28, 2025. Doc. 1-1. Defendant Jo filed his Answer, Defenses, and Jury Demand on October 2, 2025. Doc. 1-7 at 63-66. On February 20, 2026, Plaintiff filed a First Amended Complaint in the state court proceeding adding Defendant Hyundai Eng America, Inc. ("Hyundai"), doc. 1-2, which then removed the case to this Court on March 31, 2026, doc. 1. Following the removal, Plaintiff filed an Amended Complaint, doc. 12, that Hyundai moved to dismiss, doc. 15. Jo did not file any responsive pleading to Plaintiff's Amended Complaint. *See generally*, docket. As the Court previously noted, Jo's failure to respond to the Amended Complaint filed in this Court appeared to put him in default. Doc. 33 at 4. The Court further noted that Jo would be able to file a motion to set aside default pursuant to Federal Rule of Civil Procedure 55(c). *Id.* at 5. Jo now comes before the Court on a Motion to Set Aside Default. Doc. 34.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). These factors are not talismanic, and other factors also may be relevant in making a good cause determination. *Id.* For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default. *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

*Wortham v. Brown*, 2015 WL 2152826, *1 (S.D. Ga. May 7, 2015). The Court has discretion in applying the factors. *See, e.g., Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court . . . ."). In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal citation and quotation omitted).

Here, Jo's Motion sufficiently alleges good cause for the Court to set aside default. First, Jo highlights that his former counsel was not admitted to practice in the Southern District of Georgia, and that present counsel was retained after the deadline to respond to the Amended Complaint had run. Doc. 34 at 5. The Court finds that the default was not culpable or willful, and that Jo acted promptly to correct the error. Jo also maintains, and the Court agrees, that Plaintiff will not be prejudiced by the setting aside of default. *Id.* at 6. Plaintiff has not moved for an entry of default judgment against Jo and has incurred no delay in litigation because of Jo's default. *See generally*, docket. Indeed, Plaintiff participated in preparing the 26(f) Report and objects to any stay of discovery, thereby indicating Plaintiff's desire to advance litigation. Doc. 36 at 3. Furthermore, Jo asserts that default should be set aside so that he may present a defense

related to the speed of Plaintiff's vehicle at the time of the collision. Doc. 34 at 6. In keeping with the Eleventh Circuit's preference to decide a case on the merits, default should be set aside so that Jo may present his meritorious defense against Plaintiff. *See Perez*, 774 F.3d at 1342. Thus, for good cause shown, the Court **GRANTS** Jo's Motion to Set Aside Default, doc. 34, and proceeds with the Scheduling Order.

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, the Court issues the following scheduling order in this matter. With the parties having held a conference pursuant to Federal Rule of Civil Procedure 26(f) on August 25, 2026, the following deadlines shall apply. Doc. 36. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension. When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| DEADLINE TO EXCHANGE INITIAL DISCLOSURES | September 8, 2026 |

| | |
|---|---|
| DEADLINES FOR MOTIONS TO ADD PARTIES OR AMEND PLEADINGS | June 26, 2026 |
| DEADLINE FOR COMPLETION OF WRITTEN DISCOVERY, INSPECTION, AND EXAMINATIONS UNDER RULE 33 THROUGH 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE | December 28, 2026 |
| DISCOVERY DEPOSITIONS OF WITNESSES WHO HAVE NOT BEEN DESIGNATED AS EXPERTS | March 1, 2027 |
| PLAINTIFF'S DEADLINE TO SERVE EXPERT WITNESS REPORTS | March 15, 2027 |
| DEFENDANTS' DEADLINE TO SERVE EXPERT WITNESS REPORTS | April 15, 2027 |
| DISCOVERY DEPOSITIONS OF WITNESSES WHO HAVE BEEN DESIGNATED AS EXPERTS | June 1, 2027 |
| STATUS REPORT DUE[1] | June 14, 2027 |
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | July 1, 2027 |

**SO ORDERED**, this 17th day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

1 A Post-Discovery Status Report Form for Judge Baker's cases is available on the Court's website www.gas.uscourts.gov under "forms." The parties are directed to use the content and format contained in this Form when reporting to the Court.