**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RYAN MEIHLS,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI ENG AMERICA, INC.; and YOUNGHYUN JO,<br><br>Defendants. | CIVIL ACTION NO.: 4:26-cv-82 |

**O R D E R**

Plaintiff Ryan Meihls filed this action against Defendant Younghyun Jo in the State Court of Chatham County, Georgia, to recover for injuries allegedly sustained in a motor vehicle accident. (Doc. 45-1.) Plaintiff later amended the Complaint to also include claims against Jo's employer, Defendant Hyundai Eng America, Inc. ("Hyundai"). (Doc. 45-2; see also doc. 12 (operative Amended Complaint).) Hyundai subsequently removed the case to this Court on the basis of diversity jurisdiction. (Doc. 45.) Before the Court are Plaintiff's Motion to Remand, (doc. 11), and Hyundai's Motion to Dismiss the Amended Complaint as to the claims brought against Hyundai, (doc. 15). Hyundai filed a Response in opposition to Plaintiff's Motion to Remand, (doc. 14), and Plaintiff filed an untimely Response in opposition to Hyundai's Motion to Dismiss, (doc. 19). For the reasons below, the Court **DENIES** Plaintiff's Motion to Remand, (doc. 11), and **GRANTS in part** and **DENIES in part** Hyundai's Motion to Dismiss, (doc. 15).

## BACKGROUND

The Court derives the following facts from the Amended Complaint and the Second Amended Notice of Removal.[1] (Docs. 12 & 45.) Plaintiff is a citizen of Georgia and Jo is a citizen of South Korea who resides in Georgia. (Doc. 12, p. 2; doc. 45, p. 3.) Hyundai is a foreign corporation incorporated in California and authorized to do business in Georgia, with its principal place of business in California. (Doc. 12, p. 2.) At all relevant times, Jo was employed by Hyundai and was assigned to work at Hyundai's plant in Georgia. (Id. at p. 6; doc. 45-3, p. 3.) While Jo resided in Georgia, Hyundai paid for his lodging and transportation, and either provided him with meals at its facility in Ellabell, Georgia, or paid for his off-facility meals. (Doc. 12, p. 6.) Until Jo moved to Georgia, he had not driven a motor vehicle in the United States. (Id. at p. 7.) Hyundai did not provide Jo with any formal training or instruction on how to operate a motor vehicle in the United States or Georgia, but gave Jo "a written list 'comparing' the driving laws between Korea and the United States and directed [Jo] to a few YouTube videos to watch." (Id.) At Hyundai's direction, Jo had obtained a Georgia driver's license. (Id. at p. 6.) Hyundai also assisted Jo in obtaining the vehicle involved in the underlying motor vehicle accident and paid all costs associated with the vehicle. (Id. at pp. 6–7.)

The accident at issue occurred in Effingham County, Georgia, while Jo was driving the vehicle to take another Hyundai employee to work at Hyundai's facility. (Id. at pp. 1, 3–4, 6–7.) After stopping at an intersection with a stop sign, Jo attempted to turn left onto Highway 80 without

---

[1] The evidence submitted with the Second Amended Notice of Removal is only considered for jurisdictional purposes in relation to Plaintiff's Motion to Remand. See Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990) (defendant may submit evidence to support removal).

yielding the right of way to Plaintiff, who was driving on Highway 80. (Id. at pp. 3–4.) As a result, Plaintiff's vehicle crashed into the rear driver's side of Jo's vehicle. (Id. at p. 4.)

Plaintiff filed this suit in the State Court of Chatham County, Georgia, alleging that Jo's actions violated various state statutory duties of care and thus constitute negligence and negligence per se. (Doc. 45-1, pp. 3–4.) Plaintiff amended the Complaint to add Hyundai as a defendant. (Doc. 45-2, p. 5.) Hyundai removed the case to this Court on the basis of diversity jurisdiction.[2] (Doc. 45.) Attached to the Notice of Removal is the Declaration of Younghyun Jo, in which Jo testifies that he is a citizen of South Korea who was residing temporarily in Georgia because Hyundai assigned him to work at its plant in Georgia, that he has never been a citizen or permanent resident of the United States or of Georgia, and that he never intended to remain in Georgia indefinitely, but rather always intended to return to South Korea. (Doc. 45-3.) Plaintiff subsequently filed a Motion to Remand, arguing that the Court lacks subject matter jurisdiction because the parties are not diverse. (Doc. 11.) Hyundai filed a Response in opposition to Plaintiff's Motion to Remand. (Doc. 14.)

Plaintiff again amended his Complaint and now asserts state-law claims of negligence and negligence per se against Jo (Count I) and claims of vicarious liability, negligent supervision, and negligent training against Hyundai (Count II). (Doc. 12.) Plaintiff seeks to recover damages resulting from his injuries, including over $179,786.91 in past medical expenses. (Id. at pp. 5–6, 8.) Hyundai filed a Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), specifically moving to dismiss the vicarious liability and negligent supervision

---

[2] Jo consented to the removal of this action. (Doc. 45, p. 5.)

and training claims against it. (Docs. 15 & 16.) Plaintiff filed an untimely Response in opposition to Hyundai's Motion.[3] (Doc. 19.)

## DISCUSSION

### I. Plaintiff's Motion to Remand

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess jurisdiction over the subject matter. See 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over two types of civil actions: (1) those arising under federal law ("federal question jurisdiction"); and (2) those involving diversity of citizenship ("diversity jurisdiction"). See id. §§ 1331, 1332. Additionally, even if a court does not have original jurisdiction over every claim, it may still hear certain related claims by invoking "supplemental jurisdiction." Id. § 1367(a); see also Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1563 (11th Cir. 1994).

On a motion to remand, the removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal was filed.[4] Pretka

---

[3] Local Rule 7.5, which was in effect until October 7, 2026, provides that "each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion," and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5; see also S.D. Ga. L.R. 7(b) (current version of local rules provides the same). Plaintiff did not file a Response in opposition to the Motion until fifteen days after the Motion was served. (See doc. 19 (filed and served on May 12, 2026); doc. 15 (filed and served on April 27, 2026).) Although the Court need not consider an untimely response, it has reviewed Plaintiff's Response and found it offers no compelling arguments.

[4] Plaintiff asserts that the removing party must establish federal jurisdiction by clear and convincing evidence, not by a preponderance of the evidence. (See doc. 11, pp. 4–5 (citing Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006)).) This is incorrect. As the Eleventh Circuit Court of

v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). The statutory requirements for removal jurisdiction are strictly construed, with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013). If, when ruling on a motion to remand, a district court finds that there is federal jurisdiction over every claim in a removed complaint—whether through federal question, diversity of citizenship, supplemental jurisdiction, or on some other basis—then the court may properly hear the entire complaint and deny the remand. See 28 U.S.C. § 1441.

A removing defendant that claims diversity jurisdiction under 28 U.S.C. § 1332 must show that there is (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). As such, removal based on diversity jurisdiction is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). For purposes of diversity jurisdiction, a party's "citizenship" means its "domicile." Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).[5] It is a party's domicile, not its residence, which determines citizenship for diversity jurisdiction. Jagiella v. Jagiella, 647 F.2d 561, 563 (5th Cir. 1981); see also Makozy v. Zimmerer, 850 F. App'x 722, 724 (11th Cir. 2021) ("[T]o allege the citizenship of an individual for purposes of diversity jurisdiction, a complaint must allege the state of the individual's domicile, not merely his place of residence."). Domicile "is the place of [a person's] true, fixed, and permanent home and principal

---

Appeals explains in Henderson, the clear and convincing evidence standard applies when a defendant seeks to prove that a co-defendant was fraudulently joined for the purposes of removal jurisdiction. See 454 F.3d at 1281. The parties do not argue that fraudulent joinder is an issue here.

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (internal quotation omitted). Domicile in a place thus requires both physical presence and an intent to remain there indefinitely. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011). "Individuals . . . are only citizens of the state in which they are domiciled . . . and they have only one domicile." Id. at 1346.

To determine whether a party has established a domicile, courts consider several objective factors, including location of employment, ownership of real property, registration and title of one's automobiles, driver's licensing, voter registration, utility payments, and membership in local organizations. Simmons v. Skyway of Ocala, 592 F. Supp. 356, 358–59 (S.D. Ga. 1984). Moreover, "[w]hen it comes to weighing evidence to determine a party's domicile for purposes of establishing diversity jurisdiction, 'statements of intent can be given little weight if they conflict with objective facts.'" MiMedx Grp., Inc. v. Surgenex, LLC, No. 1:24-CV-02484-JPB, 2025 WL 3268843, at *2 (N.D. Ga. Feb. 6, 2025) (quoting Simmons, 592 F. Supp. at 358–59).

Here, Plaintiff argues that the Court lacks subject matter jurisdiction on the basis of diversity jurisdiction because he has alleged, and Jo has admitted, that Jo was a resident of Georgia at the time Plaintiff filed suit. (Doc. 11, pp. 3–7.) In its Response, Hyundai explains that removal is proper because the dispositive question is not whether Jo was a resident of Georgia, but whether he was domiciled in Georgia. (Doc. 14, pp. 1–4.) Hyundai argues that Jo was never domiciled in Georgia because he lacked the intent to remain in Georgia indefinitely, only resided in Georgia because his employer assigned him to work at its Georgia plant, and at all times intended to return to South Korea, his country of citizenship. (Id.; see also doc. 45, pp. 1–3; doc. 45-3.) As such,

the only dispute is whether Jo was a citizen of Georgia at the time Plaintiff brought this action. (See docs. 45, 11 & 14 (parties do not dispute the citizenship of Hyundai or that the amount in controversy is sufficient).)

The Court agrees with Hyundai. Although it is undisputed that Jo resided in Georgia at the time this suit was filed, Defendants have presented evidence that Jo lacked the requisite intent to establish Georgia as his domicile. (See doc. 45-3.) This evidence, which may be considered a statement of intent, is also consistent with the objective facts before the Court. It is undisputed that Jo resided in Georgia because his employer assigned him to work here. (See doc. 12, p. 6 ("Jo was residing in Georgia for the [sic] at the direction of Hyundai and for Hyundai's benefit."); doc. 14, pp. 3–4.) Additionally, while Plaintiff emphasizes that Hyundai provided Jo with lodging, transportation, and meals while he was in Georgia, Plaintiff does not point out any non-employment-related connections that Jo had to Georgia. (Doc. 12, p. 6.) The parties agree that Jo obtained a Georgia driver's license, but as Plaintiff himself alleges, (id.), Jo only did so at Hyundai's direction, which is consistent with an intent to reside in Georgia temporarily for employment purposes. Jo's employment-related connections to Georgia alone cannot establish a domicile in the state. See, e.g., King v. Cessna Aircraft Co., 505 F.3d 1160, 1170–72 (11th Cir. 2007) (party's residence abroad did not change her domicile where she "resided abroad only as part of her mobile career in hotel management" because of "[t]he [old] notion that a citizen of a state does not lose her domicile when her employer sends her abroad"); Wasson v. Northrup Worldwide Aircraft Servs., Inc., 443 F. Supp. 400, 405–06 (W.D. Tex. 1978) ("This is not the first time that a move undertaken for employment purposes, standing alone as the sole objective fact, has been held insufficient to establish a change in citizenship.").

Notably, Plaintiff does not attempt to refute Defendants' argument or evidence but merely argues that Jo's *residence* in Georgia is the dispositive inquiry. (See generally doc. 11.) As detailed above, Plaintiff's argument contradicts established law. See Odom v. Stone, No. 4:22-cv-28, 2023 WL 12255069, at *3 (S.D. Ga. Apr. 17, 2023) ("And the mere statement that Defendant 'resided' in Georgia is by no means determinative, as residence does not necessarily equate with citizenship."). Defendants have thus met their burden of showing that Jo was not domiciled in Georgia at the time this action was filed. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. (Doc. 11.)

## II. Hyundai's Motion to Dismiss

Satisfied that it possesses subject matter jurisdiction over this case, the Court now turns to Hyundai's Motion to Dismiss under Rule 12(b)(6). "To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to the pleadings and attached exhibits and accept as true all facts set forth in the complaint, construing them in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009); Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.

The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citation omitted). Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12(b)(6) allows a court "to dismiss a claim on the basis of a dispositive issue of law").

Hyundai argues that the Court should dismiss Plaintiff's claims that (1) Hyundai is vicariously liable for Jo's acts under the doctrine of respondeat superior and (2) Hyundai is liable for negligently supervising and training Jo on how to operate a motor vehicle in the United States and Georgia. (Doc. 16, pp. 1–9.) The Court addresses each argument in turn.

**A. Plaintiff Has Plausibly Alleged His Vicarious Liability Claim.**

First, Hyundai argues that Plaintiff's vicarious liability claim must be dismissed because Jo was commuting to work at the time of the accident — a purely personal endeavor not within the course or scope of his employment. (Doc. 16, pp. 4–8.) Georgia's "common law principle of respondeat superior is codified . . . under O.C.G.A. § 51-2-2."[6] Graham v. City of Duluth, 759 S.E.2d 645, 650 (Ga. Ct. App. 2014). Under that statute, "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his

---

[6] "The question of whether an employee's conduct was within the scope of his employment is governed by the law of the state where the incident occurred." Flohr v. Mackovjak, 84 F.3d 386, 390 (11th Cir. 1996) (internal quotations and citations omitted). Georgia law thus governs this issue because the accident occurred in Effingham County, Georgia. (Doc. 12, pp. 3–4.)

business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. Accordingly, "[a]n employer is liable for negligent or intentional torts committed by an employee only if the torts were committed in furtherance of, and within the scope of, the employer's business." Hendrix v. Snow, 170 F. App'x 68, 82 (11th Cir. 2006) (citing Piedmont Hosp., Inc. v. Palladino, 580 S.E.2d 215, 217 (Ga. 2003)).

Here, Plaintiff alleges that the collision occurred while Jo was taking another Hyundai employee to work at Hyundai's facility. (Doc. 12, pp. 6–7.) Plaintiff alleges that Jo was driving a vehicle that Hyundai assisted him in obtaining and for which Hyundai paid all associated costs. (Id.) Plaintiff conclusively asserts that this activity "was done at the direction of Hyundai and for Hyundai's benefit and in the furtherance of Hyundai's business." (Id. at p. 7.)

In its Motion to Dismiss, Hyundai argues that this claim should be dismissed because Jo's "commuting to work" was a purely personal task that was not within the scope of his employment. (Doc. 16, pp. 4–8.) According to Hyundai, there is a longstanding general rule in Georgia that commuting is a personal task is "sufficient to overcome any presumption that may be in effect based on the fact that Hyundai furnished Jo with a vehicle." (Id. at pp. 7–8.) Hyundai also argues that the actions Jo took while residing in Georgia fell outside the course and scope of his employment "simply by nature of Jo being in Georgia at his employer's behest." (Id. at pp. 5–8.)

Hyundai is correct that, under Georgia law, "[t]here is a longstanding general rule that an employee is engaged in a purely personal matter while commuting to or from work," Centurion Indus., Inc. v. Naville-Saeger, 834 S.E.2d 875, 878–79 (Ga. Ct. App. 2019), and, therefore, an employer is generally not vicariously liable for torts committed by its employees while they are commuting to work. See Prodigies Child Care Mgmt., LLC v. Cotton, 893 S.E.2d 640, 647 (Ga.

2023) ("[R]espondeat superior generally does not apply when an employee commits a tort during her work commute."). Hyundai is also correct that an employee's actions do not necessarily fall within the scope of employment simply because they occur when he is in a general location pursuant to his employer's request. See Defendorf v. Ironville Rail & Transfer, LLC, No. 4:20-CV-079-MHC, 2021 WL 9772288, at *6 (N.D. Ga. Mar. 30, 2021) ("The fact that [employee] was on a multi-day business trip out of town does not make [employer] vicariously liable for any accident occurring during that time." (citing Banks v. AJC Int'l., Inc., 643 S.E.2d 780, 782–83 (Ga. Ct. App. 2007))). Notably, however, an employer can be held vicariously liable for an employee's negligence "[w]here a tort occurs as a result of a vehicle collision in which the employee was driving his employer's vehicle." See Dougherty Equip., Co. v. Roper, 757 S.E.2d 885, 888 (Ga. Ct. App. 2014) (internal citation omitted) (when a collision occurs while the employee is driving his employer's vehicle, "a presumption arises that the employee was acting in the course and scope of his employment at the time of the collision"); Int'l Bus. Machs., Inc. v. Bozardt, 275 S.E.2d 376, 377 (Ga. Ct. App. 1980) ("It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment."); see also Banks, 643 S.E.2d at 781 (analysis also applies when vehicle is a rented one paid for by employer rather than one owned by employer).

Here, because Plaintiff has alleged that Jo was driving a vehicle furnished by Hyundai, the allegations are sufficient to plausibly infer, at this stage of the proceedings, that Jo was acting within the scope of his employment at the time of the accident and thus Hyundai could be held vicariously liable. See Bozardt, 275 S.E.2d at 377. While Hyundai may ultimately rebut this

presumption through evidence, the applicable burden-shifting framework is not relevant at the motion to dismiss stage, where the Court is charged with analyzing the pleadings and not evidence. See Dougherty Equip., 757 S.E.2d at 888 ("An employer may overcome this presumption as a matter of law by presenting uncontradicted evidence showing that the employee was not acting in the course and scope of his employment."); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (describing a burden-shifting framework as "an evidentiary standard, not a pleading requirement"). Accordingly, Plaintiff has plausibly alleged that Jo was acting within the scope of his employment at the time of the accident, thus making Plaintiff's vicarious liability claim facially plausible. The Court thus **DENIES** Hyundai's Motion to Dismiss as to the vicarious liability claim in Count II. (Doc. 15.)

### B. Plaintiff Has Failed to Plausibly Allege His Direct Negligence Claims against Hyundai.

Next, Hyundai argues that Plaintiff's negligent supervision and training claims must be dismissed because Plaintiff fails to allege that Hyundai knew of any specific risk posed by Jo's driving in the United States or Georgia. (Doc. 16, pp. 8–9.) To establish a negligent supervision claim under Georgia law,[7] "a plaintiff must show that the employer knew or should have known of an employee's tendencies to engage in certain behavior relevant to the plaintiff's alleged injuries." Brady v. Harris Ventures, Inc., No. 1:21-cv-01649-TCB-RGV, 2022 WL 22288532, at *18 (N.D. Ga. Jan. 10, 2022) (internal quotations omitted). To establish a negligent training claim, "a plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury." ABM Aviation v. Prince, 884 S.E.2d 8, 13 (Ga. Ct. App. 2023) (internal quotations omitted).

---

[7] Georgia law applies in this diversity action. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 416 (1996) (under the Erie doctrine, "federal courts sitting in diversity apply state substantive law").

Here, Plaintiff alleges that "Jo had no experience driving a motor vehicle in the United States prior to moving to and residing in [Georgia] at Hyundai's direction." (Doc. 12, p. 7.) Rather than provide any "formal training or instruction" to Jo on how to operate a motor vehicle in the United States or Georgia, "Hyundai only provided [Jo] with a written list 'comparing' the driving laws between Korea and the United States and directed [Jo] to a few YouTube videos to watch." (Id.) Plaintiff claims that Hyundai's failure to properly train Jo—while obtaining a vehicle for him to use, requiring him to use that vehicle, and paying for all costs for that vehicle—contributed to Jo's inability to properly operate the vehicle at the time of the accident. (Id. at p. 8.) Hyundai argues that these allegations are insufficient because Plaintiff does not allege that Jo was driving without a valid Georgia driver's license, nor does Plaintiff allege "that it is a unique feature of U.S. roads that a driver must yield to oncoming traffic, that Jo has ever been confused by Georgia traffic law[s]," or "that Jo misunderstood Georgia traffic laws at the time of the accident." (Doc. 16, pp. 8–9.)

The Court agrees with Hyundai. Plaintiff has failed to allege any facts to support a claim that Hyundai knew or should have known of Jo's tendencies to engage in certain driving behavior that may have caused the accident. (See generally doc. 12.) Likewise, Plaintiff has not alleged facts to support his claim that Jo's training was inadequate, let alone that this allegedly inadequate training caused Plaintiff's injury. (See generally id.) Indeed, Plaintiff himself alleges that Jo had obtained a Georgia driver's license, and there is no allegation that the license was unlawfully obtained or invalid at the time of the accident. (Id. at p. 6; see generally id.) Plaintiff has also failed to show that Hyundai was required to offer training beyond what is required to obtain a Georgia driver's license. (See generally doc. 12; see also doc. 16, p. 9.) Accordingly, the Court

**GRANTS** Hyundai's Motion to Dismiss as to Plaintiff's claims of negligent supervision and training in Count II; those claims are **DISMISSED with prejudice**. (Doc. 15.)

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Plaintiff's Motion to Remand, (doc. 11), and **GRANTS in part** and **DENIES in part** Hyundai's Motion to Dismiss, (doc. 15). Specifically, the Motion to Dismiss is **GRANTED** as to the negligent supervision and training claims against Hyundai in Count II but **DENIED** as to the vicarious liability claim against Hyundai in Count II. (Id.) Accordingly, the Court **DISMISSES with prejudice** the negligent supervision and training claims against Hyundai in Count II. (Doc. 12.)

**SO ORDERED**, this 5th day of November, 2026.



R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA